# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Richmond Division

NERY ARNOLDO SALINAS,

    Petitioner,

v.                                                                      Civil Action No. 3:09cv510

JEFFREY DILLMAN,

    Respondent.

## MEMORANDUM OPINION

Petitioner Nery Arnoldo Salinas, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254.[1] (Docket No. 2.) Salinas challenges his convictions for solicitation to commit murder and obstruction of justice. Respondent filed a Motion to Dismiss (Docket No.10) and Rule 5 Answer (Docket No. 9), providing Salinas with appropriate *Roseboro*[2] notice (Docket No. 12). Respondent contends that Salinas has procedurally defaulted his claims. Salinas has filed a Response to the Motion to Dismiss (Docket No. 14), and the matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss (Docket No. 10) and DENY the Petition (Docket No. 2).

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Procedural History

On May 30, 2006, Salinas was convicted of solicitation to commit murder and obstruction of justice by a jury in the Circuit Court of Chesterfield County ("the Circuit Court") and sentenced to a twelve-year term of incarceration. (Respt.'s Mem. Supp. Mot. Dismiss ¶ 1.) Salinas did not appeal his conviction.

On March 24, 2008, Salinas filed a petition for a writ of habeas corpus in the Circuit Court. (Respt.'s Mem., Ex. A ("State Habeas Pet.").) Petitioner raised the following claims:

> Claim 1  Counsel rendered ineffective assistance by:
>
>  (A) failing to appeal the conviction;
>
>  (B) failing to file motion to suppress evidence;
>
>  (C) failing to file a motion to sever the charges; and,
>
>  (D) failing to object to a witness's statement.

(State Habeas Pet. § 14.) On March 11, 2009, the Circuit Court dismissed Salinas's claims as lacking merit. (*Salinas v. Dillman*, No. CL08HC1885, at 2 (Va. Cir. Ct. Mar. 11, 2009), *available at* Respt.'s Mem. Ex. B.) Salinas filed an allegedly timely appeal, but "inadvertently sent the petition for appeal to the Court of Appeals" instead of the Supreme Court of Virginia. (Petr.'s Mem. Resp. Mot. Dismiss 2.) The Court of Appeals of Virginia eventually "sent it to the Supreme Court," but only "after they had it for some time."[3] (Petr.'s Mem. Resp. Mot. Dismiss 2.) On July 15, 2009, the Supreme Court of Virginia rejected Salinas's appeal as untimely filed. (*Salinas v. Dillman*, No. 091327 (Va. July 15, 2009), *available at* Respt.'s Mem. Ex. C.)

---

[3] The record does not indicate, and Salinas does not specifically allege, the date on which Salinas completed and mailed the petition for appeal, the date on which the Court of Appeals of Virginia received the petition for appeal, or the date on which the Supreme Court of Virginia received the petition for appeal.

On August 3, 2009, Salinas filed the instant petition.[4] Petitioner raises the following claims:

Claim 1    Counsel rendered ineffective assistance by:

    (A)    failing to appeal the conviction;

    (B)    failing to file a motion to suppress evidence;

    (C)    failing to file a motion to sever the charges; and,

    (D)    failing to object to a witness's statement.

(Pet. 2.) Respondent has filed a motion to dismiss contending that Salinas's claims are time barred and procedurally defaulted. Salinas has filed a response wherein he fails to address the defense of procedural default. Because Salinas's claims are procedurally defaulted, Respondent's motion to dismiss will be granted.

## II. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle* 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all "available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th

---

[4] Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), an inmate's motion is deemed filed on the date it is handed to prison staff for mailing, which is presumably the date on which the Petitioner executes it.

3

Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule,

and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[5] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### III. Analysis

Salinas did not file a direct appeal with the Supreme Court of Virginia. Salinas did appeal the Circuit Court's March 11, 2009 denial of his state habeas petition to the Supreme Court of Virginia. However, the Supreme Court of Virginia refused to entertain Salinas's claims because Salinas filed his petition for appeal more than three months after the Circuit Court's decision, violating Virginia Supreme Court Rule 5:17(a)(1).[6] (*Salinas v. Dillman*, No. 091327

---

[5] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

[6] Virginia Supreme Court Rule 5:17(a)(1) states:

(a) Time for Filing. In every case in which the appellate jurisdiction of this Court is invoked, a petition for appeal must be filed with the clerk of this Court:
    (1)    in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from. . . .

Va. Sup. Ct. R. 5:17(a)(1).

5

(Va. July 15, 2009), *available at* Respt.'s Mem. Ex. C.) Rule 5:17(a)(1) is an adequate and independent procedural bar when so applied. *O'Dell v. Netherland*, 95 F.3d 1214, 1243 (4th Cir. 1996). Thus, Salinas's claims are procedurally defaulted unless he can demonstrate cause for his procedural violation and prejudice resulting therefrom.

Salinas explains that he inadvertently sent his state habeas petition to the Virginia Court of Appeals, which failed to timely forward the petition on to the Virginia Supreme Court. (Petr.'s Mem. Resp. Mot. Dismiss 2.) Salinas, however, neither identifies any provision of law imposing upon the Virginia Court of Appeals a duty to correct his mistake, nor offers any reason for failing to file his state habeas petition correctly. Salinas fails to demonstrate any "cause" that is "*external*" to Salinas, or one that "cannot fairly be attributed to him." *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (emphasis in original). Accordingly, Salinas's claims will be DENIED.

### IV. Certificate of Appealability

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Salinas is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

## V. Conclusion

For the foregoing reasons, the Court finds Salinas's Petition barred by the applicable statue of limitations. Respondent's Motion to Dismiss (Docket No. 10) will be GRANTED. The Petition will be DISMISSED. (Docket No. 2.) A COA will be DENIED.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 7-12-10